### E. H. ROQUEST & CO. *v.* STEAMER B. E. CLARK, MASTER AND OWNERS.

It is not a valid objection to a proper interrogatory to a garnishee that it requires him to make a state-
ment of his accounts with the judgment debtor.

It may be necessary and proper to give a party the full benefit of the statute of 1839, that the garnishee
should be submitted to the most pointed interrogatories, but he cannot go beyond the design of the
statute of charging the garnishee with property or effects of the judgment debtor, or with some in-
debtedness to him.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
    *Durant & Horner*, for appellants. *Singleton & Clack*, for appellees.

MERRICK, C. J. An execution having issued on this judgment in this case, in-
terrogatories were propounded to *Conery*, as garnishee, under the Act of 1839.

The case presents the question to what extent parties are allowed to propound
interrogatories under this statute, and whether any questions may be propounded
except such as tend directly to charge the garnishee with property and effects in
his hands belonging to the debtor.

The plaintiffs propounded seven interrogatories, four of which the garnishee
answered, and to the three remaining ones he excepted, and his exceptions being
sustained, plaintiffs appeal.

The interrogatories and answers are as follows, viz:

"1st. Who were the owners of the steamer B. E. Clark on the day when you
became security on the bond to release the seizure in this case?"

*Answer. Thomas H. Beers, Jo. Lodwick and John Amsden.*"

"2. Have you in your possession or under your control any rights, credits, ef-
fects or property of any description belonging to the said owners, or in which they,
or either of them, is or are directly or indirectly interested? What is the amount
or value of the same, and does it reach the sum of $1500?"

*Answer.* I have not at this time, neither had I at the time of the seizure herein,
or since, in my possession or under my control, any rights, credits, effects, property,
or any thing of value belonging to said owners, or either of them, or in which
they or either of them are interested, either directly or indirectly?"

" 3d. Are you indebted in any sum of money to said owners, or either of them, to the amount of $1500, say fifteen hundred dollars? "

*Answer.* " I am not at this time, nor was I at the time of the seizure herein, or since, indebted to said owners, or either of them in any sum whatever."

" 5th. Was the transfer to *Theard* in good faith? "

*Answer.* " Yes."

The following interrogatories the garnishee refused to answer :

" 4th. Have you since you signed the said bond had any interest in the said steamer, directly or indirectly? And have you now? And what is it?"

" 6th. Had you any thing to do with the transfer of the steamer, which was made by the owners after this list was brought to *Theard?* Were you interested therein? If so, how? Did any portion of the price pass through your hands? "

" 7th. How much has the indebtedness of the steamer to you been reduced from the 4th of June, 1856? In explanation to your answers to this and the foregoing interrogatories, please annex a full and detailed account of your transactions with this boat and the owners thereof to the date you signed the bond, and from that time up to the date of your answering these interrogatories? "

The garnishee filed the following exception to answering said interrogatories :

" This defendant as garnishee excepts to answering the 4th, 6th and 7th interrogatories, on the ground that plaintiffs have no legal right to propound the same to this garnishee, and this garnishee is not legally bound to answer the same in this form of action. That in answering the 1st, 2d, 3d and 5th interrogatories, he has answered all that can be required of a garnishee. Wherefore he prays the judgment of this court dispensing him from answering the 4th, 6th and 7th interrogatories, on the grounds and for the reasons herein stated.

(Signed)        E. CONERY."

On hearing the exceptions, the court ordered that the garnishee be dispensed with answering the 4th, 6th and 7th interrogatories.

The plaintiff proceeds under the Act approved 20th March, 1839, p. 166, sec. 13, being an amendment of Art. 246, C. P. Among other things it provides :

" Whenever a party plaintiff in a cause has applied for a writ of *fieri facias* against the defendant, and has reason to believe that a third person has *property or effects* in his possession, or under his control, belonging to the defendant, or is indebted to him, he may cause such third persons to be cited to answer under oath such interrogatories as may be propounded to him touching said *property and effects,* or such *indebtedness,* in the same manner and with the same regulations as are provided in relation to garnishees in cases of attachment."

In cases of attachment it is provided :

" If a creditor know or suspect that a third person has in his possession property belonging to his debtor, or that he is indebted to such debtor, he may make such a person a party to the suit by having him cited to declare on oath what property belonging to the defendant he has in his possession, or in what sum he is indebted to such defendant, even when the term of payment has not yet arrived. The person thus made a party to the suit is termed the garnishee." C. P., Art. 246.

" A creditor may likewise annex to his petition interrogatories on facts and articles, to be answered categorically under oath by such garnishee, as to the nature of the *property* belonging to the defendants which may be in his possession, and as to *the amount of the sums* for which he may be indebted to him." Code of Practice, Art. 247.

" The garnishee who has been cited in a suit must put in his answer, within the usual delay, declaring in the same, fairly and truly, *what property belonging to the defendant he has in his possession by whatever title he may possess the same, as well as what sums he may owe to such defendants, whether the same be due or not due;* and if interrogated on facts and articles, he must answer under oath, clearly and categorically, such question put to him *touching such matter.*" C. P., Art. 262.

It is obvious that each case of garnishment must depend upon its own circumstances. In order to make the remedy given by the statute effectual, parties ought not to be too much restricted in the exercise of their rights under it. They are in many instances compelled to resort to this remedy as the only one which can be made available, and with a knowledge that the answers which they shall obtain, cannot be contradicted except by positive written proof; by the oath of two witnesses or possibly by one witness and strong corroborating circumstances. C. P. 364, 354.

With these advantages in his favor, justice may often require that the garnishee should be submitted to the most pointed and searching interrogatories. But then these interrogatories must not go beyond the design of the statute, viz, to charge the garnishee with property or effects of the judgment debtor, or with some indebtedness to him.

When they tend to some other purpose, the garnishee ought to be relieved from answering.

We think with the District Judge, that the tendency of the 4th and 6th interrogatories was to charge the garnishee as a partner *in solido,* and not to fix upon him any liability as a debtor to the defendants; the District Judge was clearly right in sustaining the exceptions in these interrogatories.

There is a portion of the seventh interrogatory which the garnishee might perhaps have been, in the discretion of the District Judge, required to answer, viz: " How has the indebtedness of the steamer been reduced from the 4th of June, 1856 ?" But as the question assumes that the defendants were indebted to the garnishee, instead of the garnishee to them, we do not feel called upon to interfere with the discretion of the District Judge in this particular, as he had the party before him, and was satisfied with his answers.

We do not consider it a valid objection to a proper interrogatory, that it requires the garnishee to make a statement of his account with the judgment debtor. Sometimes that will be the only mode of ascertaining the true state of the accounts of the parties, and litigants cannot be deprived of their rights, because it may occasion the opposite party some inconvenience.

But the seventh interrogatory assumes, as just observed, that the garnishee is the creditor of the defendants, and if such be the case, a statement of the account is an idle ceremony, accompanied perhaps with trouble and expense, and from which the District Judge might well relieve the garnishee. At all events, the decision is not so manifestly erroneous as to require our interference.

Judgment affirmed.